### REIDENBACK v. TUCK et al.

(Supreme Court, Appellate Term. November 30, 1903.)

1. LIENS—STORAGE CHARGES—RETENTION OF POSSESSION.
   Under section 74 of the Lien Law, Laws 1897, p. 533, c. 418, persons performing storage services are entitled to retain the chattel stored until the lien for storage is satisfied.

2. SAME—SUBJECTS OF LIEN.
   Services performed in cleaning an article in storage are not the subject of a lien for storage charges.

3. SAME—STORAGE CHARGES.
   In replevin for a chattel in storage, the amount of defendant's claim for storage should be determined by the period of storage up to the date of the award of possession by judgment, or at least to the time of trial.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Replevin by Johanna Reidenback against Morris G. Tuck and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Grauer & Rathkoff, for appellants.

A. B. Schleimer, for respondent.

BISCHOFF, J. The plaintiff's ownership of the wagon in suit was not disputed, and the issue was confined to the lien claimed for storage at the instance of the defendant Tuck, a former owner and mortgagor in possession. There is no question as to the fact of the storage, nor as to the nature of Tuck's possession at the time, and, by virtue of the statute, the defendants Kleiner were entitled to retain the chattel until the lien for this storage was satisfied. Lien Law, § 74, Laws 1897, p. 533, c. 418. Their claim of 50 cents a day included a charge for cleaning, and the gross agreed rate, therefore, would probably not afford a measure of the lien, because the item of cleaning was not the subject of a lien; but, according to the plaintiff's evidence, the reasonable storage rate was at least $4 a month, and to this extent the lien certainly attached, the amount to be measured by the period of storage to the date when possession was awarded the plaintiff by the judgment, or at least to the time of trial. There was nothing to suggest a waiver of this lien, and the amount awarded was clearly inadequate in any aspect of the case.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.